UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis L'Motte Hooper, | ) C/A No. 2:11-00444-CMC-BHH |
| Plaintiff, | ) |
| vs. | ) |
| South Carolina Department of Corrections, | ) Report and Recommendation |
| Defendant. | ) |

The Plaintiff, Travis L'Motte Hooper (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] The complaint names the South Carolina Department of Corrections as the sole Defendant in this action. Having reviewed the complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

As Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Plaintiff states that he was sentenced by Judge Young to one year of imprisonment on November 10, 2010, in Charleston County. ECF No. 1, page 3. Plaintiff was allegedly given credit by the sentencing judge for two hundred and forty-six (246) days of time already served. *Id.* Thus, Plaintiff claims that he had "already max-out a 1 yr. Sentence with the 246 days credit by the Judge." *Id.* However, Plaintiff claims that the South Carolina Department of Corrections (SCDC) mistakenly calculated his sentence as a two year period of incarceration, thus, holding Plaintiff "well over a max-out time." *Id.* Plaintiff believes the incorrect sentence calculation occurred because "some one forged Judge Young signature, and on my form 9 sheet they didn't put my credit [for] time serve." *Id.* Plaintiff indicates that "I did 81 at KCI and 332 days on a 1 year sentence." *Id.* at 4.

The complaint, which fails to specify the type of relief sought, indicates that Plaintiff attempted to remedy SCDC's sentence calculation error by speaking with two wardens and by having paperwork taken to "classification" by a correctional officer. *Id.*

## Discussion

2

Plaintiff clearly names the South Carolina Department of Corrections (SCDC) as the sole Defendant in this case.[2] However, SCDC is protected from a suit brought pursuant to 42 U.S.C. § 1983 by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); *Alabama v. Pugh*, 438 U. S. 781 (1978). State agencies and state instrumentalities, such as Defendant SCDC, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a state may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not

---

[2] SCDC is the only Defendant listed in the caption or "parties" section of the complaint. Further, the service documents provided by Plaintiff list SCDC as the sole Defendant.

consented to such actions. *See* S.C. Code Ann. § 15-78-20(e)(the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

Further, it is noted that Plaintiff has failed to request any type relief or suggest to this Court any remedy for the alleged violations. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). While *pro se* complaints are to be liberally construed, it is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As SCDC is protected from suit in the instant action by Eleventh Amendment immunity, and Plaintiff fails to request any type of relief in the complaint, this case is subject to summary dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(iii).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 7, 2011
Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).